## EL PUEBLO *v.* MUÑOZ.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 17.   Resuelto en Mayo 8, 1905.

HABEAS CORPUS.—PRISIÓN PREVENTIVA.—Los jueces municipales tienen ámplio poder para expedir mandamientos de arresto y poner bajo custodia á personas acusadas de delito grave, mientras se resuelva la causa, la cual prisión está autorizada por las disposiciones del artículo 44 del Código de Enjuiciamiento Criminal y artículo 44 de la Ley de Marzo 12 de 1903, enmendando determinados artículos de dicho Código.

ID.—MANDAMIENTO DE ARRESTO.—Un simple defecto de forma no es suficiente para anular una orden de arresto y poner en libertad al reo en virtud de un auto de Habeas Corpus.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. Rossy,* Fiscal.

La parte apelante no compareció.

EL JUEZ ASOCIADO SR. FIGUERAS, emitió la siguiente opinión del Tribunal.

Esta solicitud de Habeas Corpus de Ramón Muñoz jurada y presentada ante la Corte de Distrito de Ponce en 16 de Marzo último expresa que dicho Ramón Muñoz está encarcelado preventivamente en la Carcel del Distrito de Ponce para responder del cargo que se le hizo de alteración de la paz pública, delito comprendido en el artículo 368 del Código Penal, y se funda su petición de excarcelación:

Primero.—En que el mandamiento no está autorizado por ninguna prescripción de la ley.   Números 4 y 6 del artículo 483 del Código de Enjuiciamiento Criminal.

Segundo.—En que aún suponiendo que estuviera autorizado por alguna ley, es defectuoso, y en tal caso apoya la pretensión el número 3 del referido artículo 483.

El razonamiento principal que se hace es que el art. 24 de la Ley de Enjuiciamiento Criminal ha sido derogado por la Ley de la Asamblea Legislativa de fecha 12 de Marzo de 1903 en cuanto á la prisión preventiva, y por lo que

respecta al defecto del mandamiento se alegó que no se ajusta en su forma al artículo 38 de la citada Ley de Enjuiciamiento Criminal.

Se diligenció el auto y la copia del mandamiento dice así:

"Estados Unidos de A.—El Presidente de los E. U. S. S.—El Pueblo de Puerto Rico.—A cualquier funcionario encargado del mantenimiento de la paz.—Habiendo Ramón Torres presentado ante mí, Felipe Casalduc Goicoechea, una denuncia juramentada de haberse cometido el delito de alteración de la paz pública y acusándose de su perpetración á Ramón Muñoz, vecino del barrio Real de este término municipal, por el presente se ordena á Usted, Marshal antes mencionado, proceda al arresto de dicho acusado, Ramón Muñoz, dejándolo bajo custodia del Alcaide de la Carcel del Distrito, á disposición de esta Corte, en tanto sea legalmente excarcelado, pudiendo prestar fianza de cien dollars para poder permanecer en libertad.—Dado en Ponce, á Febrero 21 de 1905.—Felipe Casalduc, Juez Mpal."

El Juez de la Corte de Ponce en 23 de Marzo último, resolvió que

"Vista esta petición de habeas corpus, visto el endoso del alcaide de la carcel de esta Ciudad en el mandamiento original, examinados los antecedentes del cáso y oidas á las partes, por "El Pueblo de Puerto Rico" al Sr. Fiscal y por el acusado al abogado Don Domingo Sepúlveda.

La Corte es de opinión que no procede la petición de habeas corpus solicitada; y por tanto la debe declarar y la declara sin lugar.—J. Tous Soto.—Dist. Judge."

Se admitió á Muñoz la apelación que interpuso contra esa resolución y aquí están las diligencias originales por virtud del recurso que se ha sustanciado sin la comparecencia del apelante y con solo las alegaciones que en contra expuso oralmente el Fiscal en el acto de la vista que tuvo lugar el dos del corriente.

Vamos ahora á estudiar la cuestión planteada y pendiente de la resolución de esta Corte Suprema.

Encontramos perfectamente expresada en el artículo 24 de la Ley de Enj. Criminal la facultad de los Jueces de Paz, hoy Jueces Municipales, para expedir mandamientos de arresto contra una persona que ha de responder de un cargo, pero en 12 de Marzo de 1903 se aprueba la Ley de la Asamblea Legislativa de esta Isla para enmendar diferentes artículos de la citada Ley de Enj. Criminal. Uno de los enmendados es ese artículo 24 de que nos ocupamos, y como en el nuevo artículo que también se designa con ese número nada se dice sobre el arresto por cargos, deduce el apelante que hoy los Jueces Municipales no tienen la potestad de arrestar preventivamente.

Pero para resolver con acierto este punto hay que estudiar la ley enmendatoria en toda su integridad y nos encontramos con que en su artículo 29 que regula la tramitación de las denuncias ante los Jueces de Paz, hoy Jueces Municipales, y en su número 4 ó inciso 3, se dice:

"Si el fallo fuere favorable al acusado, absolviéndolo del cargo que se le imputa, será puesto en libertad inmediatamente."

Y más luego en la Sección 2a. se dice que después del artículo 44 de la Ley de Enjuiciamiento Criminal se agregará el 44a. que dice así:

"En toda orden de arresto se fijará la cuantía de la fianza & &."

Ahora bien, es así que no puede ser puesto en libertad por un fallo absolutorio aquél que no está encarcelado preventivamente, luego de esta disposición se deduce que existe el arresto preventivo.

Y como el artículo 44 de la Ley de Enjuiciamiento Criminal se refiere también al arresto por cargos y el 44a. solamente exige en toda orden de arresto la fijación de la cuantía de la fianza, resulta que no ha estado en la mente de la Asamblea Legislativa, al votar la Ley de 12 de Marzo de 1903, la idea de suprimir el arresto preventivo, dedu-

ciéndose de todo lo expuesto que el Juez Municipal de Ponce, al librar el mandamiento de arresto contra Ramón Muñoz para responder del cargo que se le hacía de alteración de la paz pública si no prestaba la fianza de cien dollars, no infringió los números 4 y 6 del artículo 483 porque el mandamiento está autorizado por la Ley y se libró en caso por ella permitido.

El mandamiento por otra parte se ajusta al artículo 38 de la Ley de Enjuiciamiento Criminal, y aunque una refinada exigencia encontrase en él algún defecto de forma, no podría por esa deficiencia ser excarcelado el peticionario Ramón Muñoz, según el artículo 484 de la repetida Ley de Enjuiciamiento Criminal.

En mérito de lo expuesto entendemos que debe confirmarse la resolución que en 23 de Marzo de 1904 dictó el Juez de la Corte del Distrito de Ponce, toda vez que al dictarla se ajustó á las leyes que en este dictámen se han considerado.

*Confirmada.*

Jueces concurentes: Sres. Presidente Quiñones y Asociados, Hernández, MacLeary y Wolf.