ALFONSO LEÓN JIMÉNEZ y ROSA ALBANDOZ, peticionarios, *v.* CORTE DE DISTRITO DE SAN JUAN, HON. A. R. DE JESÚS, JUEZ, demandada.

Núm. 1130.—*Sometido:* Febrero 7, 1938. *Resuelto:* Marzo 29, 1938.

*Miguel A. Muñoz,* abogado de los peticionarios; *L. Ríos Algarín,* abogado del interventor, demandante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

En este caso los peticionarios solicitaron y se les expidió un auto de *certiorari* para revisar los procedimientos en el caso de *Smallwood Bros.* v. *Rosa Albandoz* habidos ante la Corte de Distrito de San Juan.

En 3 de septiembre de 1937, T. H. Smallwood, haciendo negocios bajo la razón social de Smallwood Bros., radicó un pleito de conformidad con el artículo 6 de la Ley de Ventas Condicionales (núm. 61) de 13 de abril de 1916, según la misma fué enmendada por la Ley núm. 40 de 1925 (Leyes de 1916, pág. 126; Leyes de 1925, pág. 247), para recobrar la posesión de un automóvil vendido a Rosa Albandoz mediante contrato de venta condicional. La demandante, además de iniciar el procedimiento especial para recobrar la posesión del automóvil, también obtuvo de la corte un embargo para asegurar la efectividad de la sentencia. El referido contrato contenía una cláusula al efecto de que si vencía un plazo y no se pagaba, el resto de los plazos se consideraría entonces vencido. La demandante alegó que la demandada no pagó un saldo vencido de $23.56 correspondiente al plazo de julio 21 de 1937, como tampoco todo el plazo que venció el 21 de agosto del mismo año, ascendente a $52.78, razón por la cual vencieron todos los demás plazos, que ascendían en total a

la suma de $709.70. Copia del contrato de venta condicional fué unida a la demanda, en la que aparece el sello del Departamento del Interior, Negociado de Automóviles, y la fecha en que se archivó el referido contrato en esa oficina. En septiembre 3 de 1937 la corte ordenó que se notificara a las partes que se celebraría una vista a las 9 de la mañana del día 10 de septiembre. El día 9 del mismo mes y a moción de la demandante, Alfonso León Jiménez fué notificado de dicha vista como parte interesada. El día de la vista Alfonso León Jiménez solicitó y obtuvo permiso para tomar parte en el caso como interventor.

El interventor declaró que él había adquirido la participación de Rosa Albandoz en el automóvil y que había notificado a la demandante; que pagó ciertos plazos y que se le otorgaron los recibos correspondientes, expedidos a favor de Rosa Albandoz; que no se celebró ningún nuevo contrato entre la demandante y el interventor y que en efecto él no había pagado los plazos alegados en la demanda.

Los peticionarios alegan que la corte de distrito cometió dos errores, a saber:

1. Que la corte erró al decretar el embargo para asegurar la efectividad de la sentencia, toda vez que la demandante en dicho caso había seguido el procedimiento prescrito para la reposesión y venta de bienes muebles al dejarse de cumplir las condiciones de un contrato de venta condicional, conforme provee la Ley núm. 61 de 1916, supra.

2. Que a Rosa Albandoz se le hizo figurar como parte demandada, no teniendo ella interés alguno que justificara el demandársele en dicho caso.

La Ley de Ventas Condicionales (núm. 61 de 1916) es una que fija un procedimiento especial para recobrar los bienes vendidos bajo contrato de venta condicional cuando se ha dejado de cumplir cualquiera de las condiciones de dicho contrato. Según esa ley, la corte debe citar a las partes para

una vista que se celebrará dentro de los diez días después de radicada la demanda. Luego de celebrada esta vista la corte puede ordenar al márshal que tome posesión de los bienes y los entregue a la parte demandante. Nada hay en dicha ley ni en ninguna otra que prohiba al demandante embargar dichos bienes, conforme se hizo en este caso, para asegurar la efectividad de la orden de reposesión que la corte pueda dictar. La ley para asegurar la efectividad de sentencias, por otra parte, es un estatuto amplio, de efectos reparadores, y debe por ende ser interpretado liberalmente.

■■ Los peticionarios alegan que la Ley de Ventas Condicionales al fijar un remedio especial en casos de ventas condicionales, limita al vendedor y al comprador estrictamente al procedimiento allí fijado. Aunque esto sea así, conforme hemos dicho antes, nada hay en dicha ley que prohiba el aseguramiento de la sentencia mediante embargo en la forma provista por la ley para asegurar la efectividad de sentencias de marzo primero de 1902, página 178 (Código de Enjuiciamiento Civil (ed. 1933), pág. 96). La sección primera de dicha ley prescribe:

"Toda persona que demandare en juicio el cumplimiento de una obligación . . . ."

Refiriéndose a la palabra *"action"* conforme la misma es usada en la versión inglesa de dicho estatuto, el artículo 50 del Código de Enjuiciamiento Civil de Puerto Rico (edición de 1933) la define en el sentido de aparejar un procedimiento especial de naturaleza civil.

En otras palabras, si aceptamos que estos dos estatutos están *in pari materia,* ellos deben ser tomados e interpretados conjuntamente. De acuerdo con este principio, "en muchos casos", dice la Corte de Errores del Estado de Nueva York, "un remedio prescrito por un estatuto se hará extensivo a casos que surjan en torno a la misma cuestión bajo otro estatuto posterior." *Rogers* v. *Bradshaw,* 20 J.R. 744

(Johns N.Y.). Este principio ha sido enunciado por este Tribunal del siguiente modo:

"Las leyes *in pari materia* deben ser interpretadas conjuntamente, armonizándolas, si es posible, y en forma tal que no resulte incompatible con los principios generales de derecho." *Ex parte Bird,* 5 D.P.R. 247 (2ª. ed.); *Ex parte Andino,* 8 D.P.R. 424.

Por tanto, aunque el vendedor pueda estar limitado al procedimiento fijado en la ley de ventas condicionales, al obtener la reposesión del vehículo, esto no significa que él no pueda embargar dicho automóvil para asegurar la efectividad de la orden de reposesión.

En lo que respecta a la alegación de que Rosa Albandoz no tenía suficiente interés en la materia objeto del litigio para que se le hiciera parte demandada, este tribunal, en el caso de *Smallwood Bros.* v. *Corte,* 50 D.P.R. 634, dijo lo siguiente:

"Inscrito un contrato de venta condicional conteniendo la condición y reserva de que la propiedad de la cosa vendida la retendrá el vendedor hasta que se haya pagado el precio, la venta no puede considerarse como absoluta con respecto a un comprador subsiguiente."

Esto surge además del hecho de que aunque Rosa Albandoz hubiera vendido el automóvil a una tercera persona, o sea a Alfonso León Jiménez, y se hubiese notificado a la vendedora condicional de tal hecho y los plazos posteriores fueran pagados a Smallwood Bros. por dicha tercera persona, no obstante los recibos fueron librados a nombre de Rosa Albandoz.

Los peticionarios citan varias autoridades. Algunas de ellas son una reexposición de la ley general de ventas condicionales y las otras no tienen aplicación reguladora sobre el punto de vista que hemos adoptado.

*Debe anularse el auto de certiorari expedido.*

El Juez Asociado Señor Córdova Dávila no intervino.