Rivera Pérez, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Mediante el presente recurso el apelante solicita la revocación de una sentencia en rebeldía dictada por el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Ciales, el 21 de mayo de 1997, archivada en autos copia de su notificación el 30 de mayo de 1997. Dicha sentencia dio por ciertas las *951 alegaciones de la parte demandante, aquí apelada, en virtud de la Regla 45.2 (b) de las de Procedimiento Civil, ordenándole al demandado-apelante el pago de la cantidad de dinero reclamada por el demandante-apelado. La parte demandante, aquí apelada, presentó una declaración jurada a través de la cual pretendió demostrar al Tribunal de Primera Instancia que la deuda era líquida y exigible. El señor Ortiz Rosario solicita, además, de esta Curia que se le permita contestar la demanda y se le ordene al Tribunal de Primera Instancia celebrar una vista en su fondo. Se revoca la sentencia apelada.
I
El 26 de febrero de 1997 la parte aquí apelada, Citicorp Finance P.R., Inc., presentó demanda en cobro de dinero contra el aquí apelante, señor Angel Ortiz Rosario. Se alegó en dicha demanda, que el señor Ortiz Rosario suscribió un contrato de venta condicional con la parte demandante-apelada para la compra de un automóvil. El apelante no cumplió con los pagos pactados en dicho contrato, aun luego de que el apelado lo interpelara a hacer los mismos, por lo cual éste decidió acelerar la deuda, por entender que la misma era líquida y exigible.
Se acompañó con dicha demanda moción solicitando aseguramiento de sentencia mediante embargo, señalamiento de bienes y moción designando depositario. El Tribunal de Primera Instancia acogió la solicitud de embargo y ordenó el mismo el 24 de marzo de 1997. El diligenciamiento del embargo se realizó el 26 de marzo de 1996.
Surge del expediente que el peticionario fue personalmente emplazado el 2 de abril de 1997. Ante la inacción del demandado-apelante, el demandante-apelado solicitó del Tribunal de Primera Instancia que se le anotara la rebeldía. El Tribunal concedió tal solicitud el 12 de mayo de 1997. La petición de anotación de rebeldía fue acompañada de una declaración jurada, donde se señalaba la suma total adeudada, y no pagada por el demandado-apelante, como líquida y exigible. El Tribunal de Primera Instancia emitió sentencia en rebeldía condenando a la parte demandada-apelante al pago de $32,796.96, más los gastos, costas, intereses legales y la suma de $150 para honorarios de abogado. De dicha sentencia apela el demandado ante este Tribunal.
La parte apelante levanta como errores cometidos por el Tribunal de Primera Instancia los siguientes: —

"PRIMER ERROR: El Honorable Tribunal de Primera Instancia fue inducido a grave error de hecho y de derecho y a dictar sentencia por la totalidad de la deuda reclamada, incluyendo intereses no devengados y el pago de un seguro, cuando había ocurrido una entrega voluntaria del vehículo en pago de la deuda.

SEGUNDO ERROR: El Honorable Tribunal de Primera Instancia incurrió en grave error de hecho y de derecho al dictar sentencia en rebeldía sin la celebración de una vista en su fondo del caso cuando de la faz de la demanda y de los documentos presentados surgen serias dudas sobre la validez de la transacción realizada, la demanda no fue radicada por el verdadero vendedor y cuando la declaración jurada presentada no especifica las partidas que componen la deuda reclamada y pone de manifiesto la posibilidad de la incapacidad del demandado-apelante para contratar."

II
Alega ante nos el demandado-apelante, que la parte demandante-apelada no llegó a realizar el embargo y que lo que realmente sucedió fue que esa parte optó por entregar voluntariamente el bien mueble objeto del contrato de venta condicional.
El contrato de venta condicional está regido en nuestro ordenamiento jurídico por el Código de Comercio de Puerto Rico. El inciso (a) del artículo 6 de dicho estatuto dispone lo siguiente:
"(a) El acreedor podrá optar entre la reposesión del artículo objeto del contrato de compraventa condicional y la acción judicial en cobro de dinero. De optar por la reposesión, se entenderá que el acreedor ha renunciado a llevar una acción en cobro de dinero contra el deudor en el contrato de compraventa condicional. Para los fines de este capítulo la entrega voluntaria del artículo, con el consentimiento del acreedor, tendrá el mismo efecto de una reposesión. Todo pacto en contrario se *952 considerará nulo." (Enfasis nuestro.)
Entendemos que el citado artículo es claro, en tanto que coloca al acreedor en la posición de optar entre una reposesión del bien mueble objeto del contrato de venta condicional o el ejercicio de una acción en cobro de dinero. De los documentos sometidos a este Tribunal se desprende que la opción del acreedor, aquí apelado, fue la de ejercitar la acción en cobro de dinero y no la de reposesión del bien mueble objeto del contrato.
Como indicáramos anteriormente, se presentó conjuntamente con la demanda en cobro de dinero moción para que se ordenara un embargo preventivo en aseguramiento de sentencia. Dicha moción fue acogida por el Tribunal de Primera Instancia y ordenó el embargo del vehículo, que era el objeto del contrato de venta condicional. Contrario a lo que alega el demandado-apelante, consta en récord el diligenciamiento de la orden de embargo por parte del Alguacil, certificado con fecha de 26 de marzo de 1997. De nuestro expediente no surge la alegada entrega voluntaria del vehículo por parte del demandado-apelante al demandante-apelado. El demandado-apelante hace alusión, además, a un alegado documento de entrega, en el cual supuestamente se. certifica que el demandante-apelado aceptó el bien mueble objeto del contrato como uno reposeido por entrega voluntaria. Sin embargo, el demandado-apelante obvia el hecho de que en dicho documento se señala claramente en el encasillado destinado a "embargo" que se trata de tal acto y no de una entrega voluntaria. 
Concluimos sobre este asunto, que la acción entablada en el Tribunal de Primera Instancia por el acreedor, aquí apelado, es una de cobro de dinero donde se lleva a cabo el embargo del bien mueble objeto del contrato de venta condicional para asegurar la efectividad de la sentencia a dictarse. No se trata de.un procedimiento de reposesión de dicho bien mueble. Respecto a la legalidad de un embargo del bien mueble objeto de un contrato de venta condicional, nuestro más Alto Tribunal ha señalado lo siguiente:

"Nada hay en dicha ley (Ley de Contratos de Ventas Condicionales) que prohíba el aseguramiento de la sentencia mediante embargo en la forma provista por la .ley para asegurar la efectividad de sentencias." 

A través del segundo error alegado, el apelante alude a la posibilidad de que este Tribunal le conceda la oportunidad de presentar al Tribunal de Primera Instancia todas las defensas a las que renunció al no presentar alegación responsiva alguna en el procedimiento judicial que se llevó en su contra en ese Tribunal. 
La Regla 45. de Procedimiento Civil dispone:

"Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante declaración jurada o de otro modo, el secretario anotará su rebeldía.

El tribunal a iniciativa propia o a moción de parte podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.2 (b) (3).

Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2 (b)."

La omisión de anotar la rebeldía no afectará la validez de una sentencia en rebeldía.
La rebeldía es una norma procesal en beneficio de una buena administración de la función adjudicativa, con miras a estimular la tramitación de los casos y no para conferir ventaja a una parte. Esta institución procesal permite que se desenvuelva el proceso aun cuando una de las partes decida no ejercitar su derecho a comparecer al mismo. El efecto inmediato de la rebeldía es que se admiten todos los hechos bien alegados en la demanda y autoriza al tribunal a que se dicte sentencia. 
*953 En el caso ante nos, obran en el expediente los documentos que acreditan el debido diligenciamiento del emplazamiento al demandado-apelante, la moción para la anotación de rebeldía y la subsiguiente sentencia en rebeldía. De los mismos documentos surge que el demandado-aj. elante dejó correr el término para contestar la demanda sin realizar ninguna gestión ante el foro pertinente, y repitió tal conducta en las siguientes etapas del proceso judicial. La sentencia en rebeldía se da así por incomparecencia del demandado-apelante en el proceso judicial llevado en su contra.
El intento del apelante de pretender de este Tribunal le permita esgrimir ante el Tribunal de Primera Instancia las defensas afirmativas y puntos de derecho que no fueron presentados y resueltos por el Tribunal de Primera Instancia, cuando no surge que haya solicitado que se levantara la anotación de rebeldía, no es permisible en esta etapa de los procedimientos.
Dicho lo anterior, es prudente dar una mirada exhaustiva a la Regla 45.2 de las de Procedimiento Civil. Dicha regla dispone lo siguiente sobre las circunstancias en que se puede dictar una sentencia en rebeldía:
Podrá dictarse sentencia en rebeldía en los siguientes casos:

"(a) Por el secretario. Cuando la reclamación del demandante contra un demandado sea por una suma líquida o por una suma que pueda liquidarse mediante cómputo, el secretario, a solicitud del demandante y al presentársele declaración jurada de la cantidad adeudada, dictará sentencia por dicha cantidad y las costas contra el demandado cuando éste haya sido declarado en rebeldía, siempre que no se trate de un menor o persona incapacitada.

(b) Por el tribunal. En todos los demás casos la parte con derecho a una sentencia en rebeldía la solicitará del tribunal; pero no se dictará sentencia en rebeldía contra un menor o persona incapacitada a menos que estén representados por el padre, madre, tutor, defensor judicial u. otro representante que haya comparecido en el pleito. Si para que el tribunal pueda dictar sentencia o para ejecutarla se hace necesario fijar el estado de una cuenta o determinar el importe de los daños, o comprobar la 'veracidad de cualquier aseveración mediante prueba, o hacer una investigación de cualquier otro asunto, el tribunal deberá celebrar las vistas que crea necesarias y adecuadas o encomendar la cuestión a un comisionado. Cuando la parte contra la cual se solicita sentencia en rebeldía haya comparecido en el pleito, dicha parte será notificada del señalamiento de cualquier vista en rebeldía que se celebre". (Enfasis suplido.)
En los casos en que la citada regla requiere la celebración de una vista evidenciaría previa para que se dicte sentencia en rebeldía, el demandante tiene que afirmativamente presentar prueba de lo que alega. Uno de los casos en que hay que celebrar vista evidenciaría es cuando se precisa fijar el importe ilíquido de una deuda.
En el caso de autos la parte demandante-apelada presentó, en apoyo de su solicitud de sentencia en rebeldía, una declaración jurada en la cual alega que la cantidad adeudada por el demandado-apelante al demandante-apelado asciende a la suma total de $32,796.96. A todas luces la declaración jurada carece de un desglose de las partidas que conforman la totalidad de dicha suma. Indica correctamente el demandado-apelante, que en esa declaración jurada no se menciona ni se distinguen las sumas correspondientes al principal, intereses, penalidades y aquellas partidas pagadas por concepto de seguro dentro del contrato de venta condicional.
Por estas razones, entendemos que el Tribunal de Primera Instancia carecía de los elementos de prueba necesarios para realizar una correcta determinación sobre el estado de la cuenta. Nos parece que este es el típico caso que reúne los requisitos necesarios para que se celebre una vista evidenciaría con el propósito de determinar el importe de la suma adeudada.
III
Por los fundamentos expuestos, se revoca la sentencia apelada y se devuelve el caso al Tribunal de Primera Instancia para ulteriores procedimientos, de conformidad a lo aquí dispuesto.
Lo acordó y manda el Tribunal y lo certifica la señora Secretaria General.
*954 Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 98 DTA 61
1. Dichos documentos fueron presentados al Tribunal de Primera Instancia en la misma fecha que la demanda.
2. Apéndice VIH, pág. 11 del recurso de apelación.
3. Apéndice V, pág. 13, Ibid.
4. Apéndice XI, pág. 14, Ibid.
5. Apéndice XII, pág. 15, Ibid.
6. Apéndice XII, pág. 22, Ibid.
7. Exhibit de la réplica al escrito de apelación.
8. Apéndice XIV, pág. 17 del recurso de apelación.
9. León v. Corte, 52 D.P.R. 892 (1938).
10. Asi lo entendemos, pues no podemos acoger tales planteamientos para ser resueltos en primera instancia por este Tribunal.
11. 32 L.P.R.A. Ap. III, R. 45.1.
12. Rodríguez v. Tribunal Superior, 102 D.P.R. 290 (1974).
13. O. Parés, Inc. v. Isleta Marina, 106 D.P.R. 809 (1977).
14. 32 L.P.R.A. Ap. III, R. 45.2.
15. Apéndice XI, pág. 15 del recurso de apelación.