# 2002 DTA 85

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL DE SAN JUAN
### PANEL I – SAN JUAN

JUAN ANTONIO GARCIA, COMO COMISIONADO DE SEGUROS DE PUERTO RICO Y LIQUIDADOR DE LA CORPORACION INSULAR DE SEGUROS DE P.R.
Demandante-Peticionado

v.

SAMUEL LOPEZ PABON, ET ALS
Demandados-Peticionarios

JUAN ANTONIO GARCIA, COMO COMISIONADO DE SEGUROS DE PUERTO RICO Y LIQUIDADOR DE LA CORPORACION INSULAR DE SEGUROS DE P.R.
Demandante-Peticionado

v.

SAMUEL LOPEZ PABON, ET ALS
Demandados-Peticionarios

Núms. KLCE-2001-00647 / KLCE-2001-00661

San Juan, Puerto Rico, a 10 de abril de 2002

Panel integrado por su Presidenta, la Jueza Fiol Matta, la Jueza Rodríguez de Oronoz y el Juez González Rivera

Fiol Matta, Jueza Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

Tenemos ante nuestra consideración dos recursos de *certiorari* los cuales hemos consolidado, toda vez que las resoluciones cuya revisión se solicita en ambos recursos fueron emitidas dentro del mismo caso, KCD-92-0441, y en ambos, el peticionario es el co-demandado, Sr. Samuel López Pabón. En el primer recurso, KLCE-01-00647, presentado el 4 de junio de 2001, el peticionario pide la revocación de la resolución fechada 4 de mayo de 2001, que establece que la fianza prestada por el Sr. López Pabón no cumple con una resolución y orden anterior del 13 de octubre de 1997. El segundo recurso de *certiorari*, KLCE-01-0661, presentado el 7 de junio de 2001, solicita la revocación de una resolución notificada el 8 de mayo de 2001 que denegó levantar una rebeldía anotada el 30 de junio de 1999.

Hemos examinado los escritos de las partes, los expedientes y el derecho aplicable y resolvemos revocar ambas resoluciones recurridas.

## I

Este caso comenzó el 24 de julio de 1992, cuando la Corporación Insular de Seguros (CIS) y el Comisionado de Seguros de Puerto Rico, Juan Antonio García, en su capacidad de liquidador, presentó una acción en cobro de dinero contra S.L. Caribbean, Inc. y sus garantizadores solidarios, el Sr. Samuel López Pabón y su esposa en ese entonces, la Sra. Luz D. Rodríguez y la Sociedad de Gananciales compuesta por ellos. Luego de varios trámites procesales, el 15 de mayo de 1995, la parte demandante-recurrida enmendó su demanda debido al divorcio del señor López Pabón y la señora Rodríguez.

El 5 de septiembre de 1997, CIS solicitó al Tribunal de Primera Instancia que emitiera una orden prohibiéndole a los demandados enajenar sus bienes inmuebles, a tenor con la Regla 56.4 de las de Procedimiento Civil. El propósito de esta solicitud provisional era asegurar la efectividad de cualquier remedio que en su día pudiera concederse a favor de CIS. Esta solicitud se discutió en vista celebrada el 23 de septiembre de 1997. El día de la vista, la CIS enmendó su solicitud de remedio provisional para que los demandados pudiesen vender algunas propiedades y así cumplir con los plazos de pago de las hipotecas que gravaban sus propiedades. El tribunal ordenó, mediante resolución de 3 de octubre de 1997, que el valor neto de las ventas fuese utilizado para el pago de las hipotecas atrasadas, quedando el sobrante sujeto a consignación en el tribunal. La obligación de consignar recayó sobre la venta de cualquier propiedad mueble o inmueble vendida en o después del 5 de septiembre de 1997.

Entre las propiedades sujetas al remedio provisional estaba incluido el inmueble ubicado en Beacon Hill #23 sector Las Coles, Las Picúas, Carr. 968, Km. 2.2 Río Grande, Puerto Rico. Los co-demandados vendieron dicha propiedad el 3 de octubre de 1997 por la cantidad de $225,000 y abonaron a la deuda hipotecaria sobre otro inmueble de su propiedad. De esta manera, luego de satisfecho el pago, hubo un sobrante de $113,292.26.

El señor López Pabón adujo que la mitad que le correspondía de ese sobrante producto de la venta de Beacon Hill fue utilizado para "*salvar*" y pagar un edificio en la calle Mayagüez núm. 24, lo cual hizo en cumplimiento de una orden del tribunal ante el cual se ventilaba la acción de divorcio. Alegó, además, que su ex-esposa, la Sra. Luz Rodríguez, no utilizó su partida para pago hipotecario alguno y que tampoco consignó la cantidad correspondiente.

Por su parte, al enterarse de la venta del inmueble de Beacon Hill, CIS acudió al tribunal para que encontrara a los demandados incursos en desacato por desobediencia a la orden de 3 de octubre de 1997. El tribunal de instancia expidió la orden de mostrar causa correspondiente. Finalmente, el 3 de marzo de 1998, le ordenó a los demandados consignar el dinero dentro del plazo improrrogable de 30 días y en cumplimiento de la orden de 3 de octubre de 1997 "*previo a encontrarlos incursos en desacato*".

Así las cosas, el 12 de mayo de 1998, el señor López Pabón acudió al Tribunal de Circuito de Apelaciones mediante recurso de *certiorari*. Alegó que el Tribunal de Primera Instancia había errado al ordenar la consignación del dinero producto de la venta de la propiedad, so pena de desacato. Arguyó que la notificación de la orden fue inoficiosa y que al recibo de la misma, ya los bienes se habían enajenado. El Comisionado de Seguros de Puerto Rico, en su capacidad de liquidador de CIS, se opuso a la solicitud del señor López Pabón. En aquel momento confirmamos la resolución recurrida y sostuvimos la orden de consignación.

Devuelto el caso al foro de instancia, el Comisionado arguyó que los co-demandados se resistían a cumplir la orden de consignación, a pesar de mediar una orden adicional, fechada 2 de febrero de 1999, en la cual se les apercibía de las consecuencias del incumplimiento y se les concedía un plazo improrrogable de diez días para consignar el dinero producto de las ventas. Por esta razón, el Comisionado solicitó al tribunal que eliminara las

alegaciones del señor López Pabón y de su esposa.

El 30 de junio de 1999, se celebró vista para discutir la solicitud del Comisionado, luego de la cual instancia ordenó mediante resolución lo siguiente:

" ...dado que el historial procesal del caso... es representativo del patrón de incumplimiento de los codemandados con las órdenes de este tribunal, se desestiman y tienen por no presentadas las alegaciones y reconvención de las partes codemandadas Don Samuel Lopez Pabón y S.L. Caribbean Agency y en consecuencia se ordena a la señora secretaria proceda con la anotación de rebeldía a estos codemandados...".

El 23 de julio de 1999, el señor López Pabón depositó en corte una fianza ascendente a $75,400.42 emitida por la compañía Frontier Insurance. Alegó que dicha fianza satisfacía la orden del 2 de febero de 1999 y con ello cumplía con lo ordenado en la resolución del 3 de octubre de 1997. El tribunal de instancia no lo entendió así y nuevamente le ordenó, el 4 de mayo de 2001, que consignara la suma de $56,646.13 a la que ascendía su participación del sobrante del producto de la venta de la propiedad *"Beacon Hill"*, más los intereses diarios acumulados desde el 3 de octubre de 1997.

Inconforme con esta determinación del tribunal, el señor López Pabón acude nuevamente ante nos y señala que instancia erró al concluir que no procede la prestación de fianza como garantía y en sustitución de un mecanismo de aseguramiento de sentencia, a tenor con la Regla 56.3. Asimismo, señala en su segunda solicitud de *certiorari* que el tribunal incidió al resolver que podía anotar la rebeldía como sanción por incumplimiento con su resolución ordenando un remedio provisional específico en aseguramiento de sentencia. El señor López Pabón también plantea que el tribunal erró al concluir en su resolución de 8 de mayo de 2001 que los términos para solicitar reconsideración y *certiorari* aplican a su petición de eliminar la anotación de rebeldía.

## II

La Regla 56.1 de las de Procedimiento Civil establece los principios generales de los remedios provisionales para el aseguramiento de la efectividad de la sentencia. Entre éstos se encuentran el embargo de fondos en posesión de tercero, la prohibición de enajenar, la reclamación y entrega de bienes muebles, la sindicatura o *"cualquier otra medida que [el tribunal] estime apropiada según las circunstancias del caso"*. Expone dicha regla que el tribunal podrá dictar estos remedios en o antes de la sentencia.

Los procedimientos de embargo y de prohibición de enajenar son gobernados por las Reglas 56.2 a 56.4 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 56.2-56.4. La lectura e interpretación de tales reglas establecen *"como norma general, que en todo caso en que se solicite algún remedio provisional se deberá notificar a la parte adversa y celebrar una vista previa, Regla 56.2, y se deberá exigir la prestación de fianza, Regla 56.3"*, *Rivera Rodríguez vs. Lee Stowell*, **93 J.T.S. 109**, 111.

Es importante recordar que los remedios provisionales mencionados privan al titular registral del poder de disponer de sus bienes durante la sustanciación del juicio. Es por eso que la propia regla ha establecido ciertas guías para el ejercicio de la discreción judicial en cuanto a estos remedios provisionales. Así, ha dispuesto que: (1) serán de naturaleza provisional, (2) tendrán el propósito de asegurar la efectividad de la sentencia que en su día se pueda dictar, y (3) tomarán en consideración los intereses de todas las partes, según lo requiere la justicia sustancial y las circunstancias del caso. Además, la Regla 56.3 dispone lo siguiente:

*"Un demandado o querellado podrá, sin embargo, retener la posesión de bienes muebles embargados por un demandante o reclamante, prestando una fianza por tal suma que el Tribunal estime suficiente para responder por el valor de dicha propiedad. El afianzamiento por el demandado de la suma embargada, dejará sin efecto el embargo."* (Enfasis nuestro)

Con ello se permite al demandado retener la posesión de los bienes sujetos a un remedio provisional, siempre y cuando preste una fianza por una suma que el tribunal estime suficiente para responder por el valor de dicha propiedad. De esta forma, la fianza prestada por el demandado para levantar un embargo preventivo sustituye el bien embargado, sin alterar o menoscabar la garantía dispuesta para responder de la efectividad de la sentencia a favor del demandante. La fianza se establece para asegurar el cumplimiento de una obligación que dimana del proceso. Lo que es más, al determinar la fianza para el levantamiento de un remedio provisional, la función del juzgador queda circunscrita a estimar la suficiencia de la misma para responder por el valor de los bienes que intenta liberar. *García v. The Commonwealth Ins. Co.*, 118 D.P.R. 380 (1987); *Vda. de Galindo v. Cano*, 108 D.P. R. 277, 283 (1979).

Las reglas y las leyes que proveen para el aseguramiento de la efectividad de las sentencias mediante estos mecanismos provisionales deben ser interpretadas con amplitud y liberalidad, de manera que se logre su finalidad. *León v. Corte*, 52 D.P.R. 892 (1938); Rafael Hernández Colón, *Derecho Procesal Civil*, Michie de P.R., 1997, pág. 125. En este sentido, el tribunal tiene amplia discreción para conceder el mecanismo que mejor asegure la reclamación del demandante y que menos inconvenientes cause al demandado. Hernández Colón, *supra*; *Quilinchini Sucrs v. Villa Ana Corp.*, 112 D.P.R. 322 (1982); *Freeman v. Tribunal Superior*, 92 D.P.R. 1 (1965). Así, corresponde al foro adjudicativo velar no sólo porque los derechos del reclamante queden garantizados, sino porque ello se logre de la manera menos onerosa para el demandado. Según explica el Tribunal Supremo: *"Mantenemos así un principio antiguo en esta jurisdicción, cual es, que se garanticen los derechos del reclamante de la manera menos gravosa para el demandado"*. *Vda. de Galindo v. Cano, supra*, a la pág 282.

El juzgador tiene flexibilidad para dictar las medidas provisionales que estime convenientes, siempre que atienda a este principio y que las medidas dictadas sean razonables y adecuadas al propósito esencial de las mismas, a saber, garantizar la efectividad de la sentencia que en su día pueda recaer: *"Esta flexibilidad tan necesaria para la administración de justicia, es la mayor virtud de la Regla 56, virtud que debemos promover y preservar..."*. *F.D. Rich.Co. v. Tribunal Superior*, 99 D.P.R. 158, 176 (1970).

En el caso ante nuestra consideración, el Tribunal de Primera Instancia erró al no admitir al que el demandado peticionario prestase fianza para sustituir la consignación de los sobrantes de toda venta de muebles e inmuebles, particularmente tras enmendarse la prohibición de enajenar. El señor López Pabón solicitó prestar una fianza por la cantidad de $75,000.00, para cubrir los $56,000 que debían ser consignados como sobrante del inmueble conocido como *"Beacon Hill"*. Resolvemos que al rechazar la fianza ofrecida, el tribunal de instancia no ejerció su discreción de manera razonable y adecuada.

Al fin y a la postre, era deber del tribunal velar por los intereses de todas las partes al disponer para el aseguramiento de la sentencia. Tanto la prohibición de enajenar, como la consignación de los productos de la venta de las propiedades, afectaban los intereses propietarios del peticionario y son análogos al embargo que, según vimos, puede sustituirse prestando una fianza por el valor de la propiedad embargada. De la misma manera, la fianza que prestó el señor López Pabón sustituyó la cantidad que debía ser consignada, sin menoscabar el interés del Comisionado en asegurar la efectividad de la sentencia que pudiera recaer en su día.

### III

Examinemos ahora el segundo recurso de *certiorari* que está ante nuestra consideración. Según explicamos anteriormente, éste solicita revocar la resolución que deniega dejar sin efecto la rebeldía por razones jurisdiccionales. Concluimos que el foro de instancia erró al determinar que carecía de jurisdicción para levantar la rebeldía que había anotado, como sanción, antes de celebrar la vista en su fondo.

En el caso de marras, mediante escritos presentados ante el foro de instancia el 9 de marzo de 2001 y el 23 de agosto de 1999, el señor López Pabón solicitó al tribunal que levantase la rebeldía anotada el 30 de junio de 1999. Es decir, la primera solicitud fue presentada a los 52 días de emitirse la resolución que anotó su rebeldía y eliminó

sus alegaciones. El tribunal de instancia resolvió en ese momento que carecía de jurisdicción para atender el planteamiento. El 30 de mayo de 2000, nueve meses después de la notificación de la resolución de 30 de junio de 1999, los peticionarios solicitaron nuevamente que se les eliminara la rebeldía, aduciendo esta vez que el tribunal de instancia había actuado en exceso de su facultad. Una vez más, el foro dictaminó que carecía de jurisdicción para atender la solicitud por haber transcurrido el término dispuesto en la Regla 47 para presentar una solicitud de reconsideración. No tiene razón.

Nuestro ordenamiento procesal civil concede al Tribunal de Primera Instancia facultad para dejar sin efecto una anotación de rebeldía por causa justificada, sin particular limitación de tiempo. Además, le permite dejar sin efecto una sentencia dictada en rebeldía "*de acuerdo con la Regla 49.2*". Regla 45.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Estas reglas, según la jurisprudencia, "*deben interpretarse liberalmente y cualquier duda debe resolverse a favor del que solicita que se deje sin efecto una anotación de rebeldía o una sentencia, a fin de que el proceso continúe y el caso pueda verse en sus méritos*". *Díaz v. Tribunal Superior*, 93 D.P.R. 79, 81 (1966). El foro de instancia tenía la potestad para modificar la determinación de eliminar las alegaciones y anotar la rebeldía, ya que la controversia estaba viva y todavía no se había dictado la sentencia.

La jurisprudencia interpretativa de la Regla 45.3, *supra*, indica que a los fines de levantar una anotación de rebeldía se utilizará un criterio liberal, con el propósito de que los casos puedan verse en los méritos, máxime cuando no se cause perjuicio a la parte demandante, debiendo resolverse cualquier duda a favor del que solicita que se deje sin efecto la anotación de rebeldía, a fin de que el caso pueda verse en los méritos. J. Cuevas Segarra, *Práctica Procesal Puertorriqueña, Vol. II - Procedimiento Civil*, **Publicaciones JTS**, San Juan, Puerto Rico, 1986, pág. 234; *Díaz v. Tribunal Superior*, 93 D.P.R. 79, 87 (1966). A tales efectos, el Tribunal Supremo expresó que "*el objeto de estas disposiciones procesales no es conferir una ventaja a los demandantes o querellantes para obtener una sentencia sin una vista en los méritos. Son normas procesales en beneficio de una buena administración de la función adjudicativa, dirigidas a estimular la tramitación diligente de los casos.*" *J.R.T. V. Missy Mfg. Corp.*, 99 D.P.R. 805, 811 (1971).

Reiteramos que la Regla 45.3, *supra*, no establece un término para presentar la moción para levantar la anotación de rebeldía. Aun en casos en que se haya anotado la rebeldía, ésta habrá de ser retirada en forma liberal cuando se presente causa justificada. En lo que respecta al demandado, esto comprende aducir una buena defensa, ausencia de ánimo contumaz y temerario y falta de perjuicio al demandante. Véase *Soc. de Gananciales v. Tribunal Superior*, 85 D.P.R. 892 (1962), *Fine Art v. Wolff*, 102 D.P.R. 451 (1974) y *J.R.T. v. Missy Mfg. Corp.*, *supra*; *Díaz v. Tribunal Superior*, *supra*, a la pág. 88.

Las Reglas 45.3 y 49.2 de Procedimiento Civil están estrechamente ligadas. De esta manera, el relevo de una sentencia dictada en rebeldía también debe concederse con liberalidad, por las causas dispuestas en la Regla 49.2, *supra*, y dentro de un período no mayor de seis meses luego del registro de la sentencia. El tribunal Supremo de Puerto Rico ha resuelto que un tribunal de instancia abusa de su discreción cuando deniega una solicitud de relevo, si el "*promovente aduce una buena defensa y la reapertura no ocasiona perjuicio alguno*". *Román Cruz v. Díaz Rifas*, 113 D.P.R. 500, 507 (1982); *J. R. T. v. Missy Mfg. Corp.*, *supra*. El tribunal también debe considerar el tiempo transcurrido entre la sentencia y la solicitud de relevo, es decir, si el promovente ha sido diligente en la tramitación del caso. *Neptune Packing Corp. v. Wackenhut Corp.*, 120 D.P.R. 283, 293 (1988); *Dávila v. Hosp. Sna Miguel, Inc.*, 117 D.P.R. 807 (1986).

El examen de todas estas disposiciones establece claramente que el tribunal de instancia retiene jurisdicción para levantar una anotación de rebeldía, mientras no se dicte sentencia y, dictada ésta, durante los seis meses siguientes a la anotación. En el caso de marras, Instancia pasó por alto que el término provisto en nuestro ordenamiento procesal civil para solicitar que se deje sin efecto tanto la anotación como la sentencia dictada en rebeldía es más amplio que el término jurisdiccional de solicitar reconsideración o interponer la apelación. Resulta evidente que erró el tribunal al concluir que se encontraba ante una solicitud de reconsideración de una

determinación que había advenido final y firme al transcurrir los términos para presentar un *certiorari*.

Por otra parte, hemos reiterado en numerosas ocasiones que el ejercicio de la discreción judicial al momento de imponer sanciones requiere un balance a la vez delicado y difícil entre la obligación de los tribunales de velar porque los casos se ventilen sin demora y el derecho de toda parte a tener su día en corte. De esta manera, nos hacemos eco de una extensa jurisprudencia que así lo señala. *Almacenes Yakima del Atlántico, Inc.* **2001 J.T.S. 82**, pág. 1395 (2001); *Ghigliottti Arzola v. Administración de Servicios Agrícolas*, **2000 J.T.S. 13**, págs. 504-505 (2000); *Arriaga v. F.S.E.*, **98 J.T.S. 28**; *Valentín v. Municipio de Añasco*, **98 J.T.S. 84**; *Amaro González v. First Federal Savings Bank*, 132 D.P.R. 1042 (1993); *Rivera v. Superior Packing*, 132 D.P.R. 115, 124 (1992); *Mercado v. Panthers Military Soc., Inc.*, 125 D.P.R. 98 (1990); *Echevarría v. Sucn. Pérez Meri*, 123 D.P.R. 664 (1989); *Maldonado v. Srio. de Rec. Naturales*, 113 D.P.R. 494 (1982).

Cuando se contraponen estos dos derechos fundamentales de nuestro ordenamiento procesal civil, los tribunales debemos inclinar la balanza a favor del derecho de todo litigante a que sus alegaciones se ventilen en sus méritos, puesto que la razón de ser, no sólo de nuestro ordenamiento procesal, sino que de todo nuestro ordenamiento adjudicativo, es hacer justicia y velar por el derecho de toda parte a tener su día en corte. *Maldonado v. Srio. de Rec. Naturales, supra; Arce v. Club Gallístico*, 105 D.P.R. 305 (1976).

La discreción que posee un tribunal para desestimar una demanda o eliminar las alegaciones como sanción ante el incumplimiento de sus órdenes debe ejercerse de forma razonable, mesurada y cuidadosa. Nuestro Tribunal Supremo ha expresado que las sanciones drásticas como la eliminación de las alegaciones, la desestimación de la acción o la anotación de rebeldía estarán justificadas en determinadas situaciones extremas y son las últimas sanciones a las que el tribunal debe acudir. *Maldonado v. Srio. de Rec. Naturales, supra.*

El juez siempre debe comenzar por aquellas sanciones que no priven a las partes de su día en corte, ni contravénganle el interés primordial en que se adjudiquen los casos en sus méritos. Es cuando estas sanciones no producen frutos positivos que *"procederá la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones"*. Para ello, es requisito que *"la parte haya sido debidamente informada y/o apercibida de la situación y las consecuencias que puede tener el que la misma no sea corregida"*. *Ibid.*

El requisito de notificación personal impuesto en *Maldonado, supra*, fue reiterado en *Amaro, supra*. Allí, a la página 1051, el Tribunal Supremo expresó lo siguiente:

*"Subsiste, pues, en nuestro ordenamiento procesal civil la imposición de sanciones severas para aquellos* **casos extremos** *en que no exista duda alguna de la irresponsabilidad o contumacia de la parte contra quien se toman las mediadas drásticas y donde ha quedado al descubierto el desinterés y el abandono de la parte de su caso."* (Enfasis en el original).

En el caso que nos ocupa, el señor López Pabón prestó una fianza para sustituir la orden de consignación e inmediatamente solicitó al tribunal que dejase sin efecto la eliminación de las alegaciones y levantase la anotación de rebeldía. Al ser advertido de su incumplimiento con las medidas ordenadas por el tribunal para asegurar la efectividad de la sentencia, el señor López Pabón tomó acción correctiva y prestó la fianza. No surge del expediente que hubiera mostrado contumacia o que hubiera abandonado el caso. Tampoco surge del expediente que el tribunal le haya notificado directamente, apercibiéndole de la anotación de rebeldía. Habiendo resuelto que el foro apelado erró al no admitir la prestación de fianza, procede resolver que erró igualmente al anotarle la rebeldía por esa causa, privándole del derecho a un debido proceso de ley y a que sus alegaciones se ventilen en los méritos.

## IV

En vista de lo anterior, expedimos el auto de *certiorari* solicitado en el recurso KLCE-01-00647 y revocamos

la resolución recurrida de 4 de mayo de 2001 que denegaba al señor López Pabón autorización para prestar una fianza en sustitución del remedio provisional ordenado en la resolución del 13 de octubre de 1997. En atención al tiempo transcurrido, devolvemos el caso al foro de instancia para que evalúe la adecuacidad de la fianza ofrecida y la idoneidad del fiador presentado por el señor López Pabón y para la continuación de los procedimientos.

En cuanto al segundo recurso, KLCE-01-00661, denegamos la solicitud de desestimación presentada por el Comisionado. Ordenamos la expedición del auto, revocamos la resolución del 8 de mayo de 2001 y devolvemos el caso al foro de instancia para que levante la rebeldía anotada en junio de 1999 y atienda el caso en sus méritos considerando las alegaciones de ambas partes.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General